UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARION TAYLOR | * | CIVIL ACTION |
| versus | * | NO. 13-0462 |
| N. BURL CAIN, WARDEN | * | SECTION "F" |

ORDER AND REASONS

Before the Court is Marion Taylor's Rule 60(b)(6) motion for relief from judgment. For the reasons that follow, the motion is DISMISSED for lack of jurisdiction. Before pursuing the relief sought, the movant must first obtain pre-filing authorization from the U.S. Court of Appeals for the Fifth Circuit.

**Background**

Marion Taylor, Louisiana prisoner #558611, is serving a lifetime prison sentence at the Louisiana State Penitentiary in Angola. In 2013, Mr. Taylor filed a habeas petition under 28 U.S.C. § 2254 to challenge the constitutionality of his state-court conviction for second-degree murder. On July 23, 2015, this Court adopted the magistrate judge's report and recommendation that the habeas petition be dismissed with prejudice. Judgment was entered accordingly. Both this Court and the U.S. Fifth Circuit Court of Appeals denied Taylor's requests for certificates

1

of appealability and to proceed in forma pauperis on appeal. Invoking Rule 60(b)(3), Taylor then sought relief from the Court's judgment; the Court denied the motion and again denied his requests for a certificate of appealability and to proceed in forma pauperis on appeal. Taylor moved the U.S. Fifth Circuit Court of Appeals for a certificate of appealability. On October 3, 2018, U.S. Fifth Circuit Judge Costa denied Taylor's requests for a certificate of appealability and to proceed in forma pauperis on appeal, finding that Taylor's Rule 60(b)(3) motion was a second or successive habeas petition over which this Court lacked jurisdiction. The U.S. Supreme Court denied Taylor's petition for certiorari. Now, for a second time, Taylor moves for relief under Rule 60, this time invoking subsection (b)(6).

I.

When a state prisoner seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, the district court must be mindful of the interplay between Rule 60(b) and the statutes applicable state habeas petitions. The Court must make a threshold determination of whether the motion amounts to a successive § 2254 petition subject to gate-keeping provisions administered solely by the Court of Appeals. See United States v. Jiminez-Garcia, 951 F.3d 704, 705 (5th Cir. 2020)(remanding case to district court to determine whether Rule 60 motion filed by federal prisoner amounted

2

to an unauthorized successive § 2255 motion); Crustinger v. Davis, 929 F.3d 259, 266 (5th Cir. 2019)(vacating district court's order transferring petitioner's motion to the appellate court as a successive petition, determining that the motion was not successive within the meaning of 28 U.S.C. § 2244(b)(1), and remanding to the district court to consider the Rule 60(b)(6) motion in the first instance). If, in its policing function, the district court determines that the prisoner's motion is genuinely a successive habeas petition disguised as a Rule 60(b) motion, then the Court must dismiss the petition for lack of jurisdiction or transfer it to the Fifth Circuit Court of Appeals, which has the singular power to authorize successive habeas petitions.

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment under limited circumstances such as fraud, mistake, and newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) applies in § 2254 proceedings but only "to the extent [it is] not inconsistent with" applicable federal law. See Rule 11 of the Federal Rules Governing 28 U.S.C. § 2254 Cases. Rule 60(b) may not be used to circumvent the Antiterrorism and Effective Death Penalty Act of 1996. Title 28, United States Code, § 2254, as amended by the AEDPA, governs federal habeas review for a prisoner in state custody. The AEDPA-amended habeas

statutes, § 2244(b)(1)-(3), impose certain requirements on state prisoner's ability to seek successive federal habeas review. Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005); In re Edwards, 865 F.3d 197, 203 (5th Cir. 2017). "Because of the comparative leniency of Rule 60(b), prisoners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." In re Edwards, 865 F.3d at 203 (citations omitted). Thus, when a state prisoner requests Rule 60(b) relief, district courts must scrutinize the motion to determine whether it properly seeks Rule 60(b) relief or, instead, whether it is a sham Rule 60(b) motion subject to the AEDPA's preauthorization rules governing petitions seeking relief under 28 U.S.C. § 2254.

Before a successive habeas petition may be pursued in the district court, the Court of Appeals must first certify that it meets the requirements of § 2244(b)(2). See § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application") and § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). The district court must ensure

4

that state prisoners do not circumvent these statutory requirements by filing Rule 60(b) motions that are functionally successive habeas petitions. In other words, the AEDPA "divests the district court of jurisdiction to consider unauthorized successive habeas petitions; thus, once the district court conclude[s that a petitioner's Rule 60] motion [i]s a successive 2254 habeas petition, it [must] dismiss[] the motion or transfer[] it to the [Court of Appeals] for authorization." Gamboa v. Davis, 782 Fed.Appx. 297, 298 n.1 (5th Cir. 2019)(unpublished, per curiam)(citations omitted).

To determine whether a prisoner's Rule 60(b) motion is, in substance, a second or successive habeas petition, the Court consults Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)("[A]s a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's 'application for a writ of habeas corpus,' and courts therefore must decide whether a Rule 60(b) motion filed by a habeas petitioner is a 'habeas corpus application' as the statute uses that term."). There, the Supreme Court articulated guidelines for determining the circumstances under which a district court may properly consider a Rule 60(b) motion in a § 2254 habeas proceeding. If the so-called Rule 60(b) motion either "(1) presents a new habeas claim (an 'asserted basis for relief from a state court's judgment of conviction'), or (2) 'attacks the

federal court's previous resolution of a claim on the merits,'" then the motion "should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions." In re Edwards, 865 F.3d at 203-04 (citing Gonzalez, 545 U.S. at 531-32). By contrast, a district court may consider a Rule 60(b) motion in a § 2254 proceeding if one of two circumstances is present: if the motion attacks a "defect in the integrity of the federal habeas proceedings [such as] fraud on the federal habeas court"; or if the motion attacks a procedural ruling "which precluded a merits determination [such as] a denial [for] failure to exhaust, procedural default, or statute-of-limitations bar." See Gilkers v. Vannoy, 904 F.3d 336, 344 (5th Cir. 2018)(citing Gonzalez, 545 U.S. at 532 and n.2, 3). A § 2254 applicant need not satisfy § 2244(b)'s authorization requirement for the district court to consider a genuine Rule 60(b) motion. Id. at 343.

II.
*A.*

Mr. Taylor's Rule 60(b) motion is a disguised successive habeas petition; the AEDPA's gate-keeping provisions divest the Court of jurisdiction to entertain this successive motion unless and until a panel of the Fifth Circuit authorizes its filing.

Presented with a post-judgment motion like Taylor's, which follows the denial of a § 2254 habeas application, the Court must

6

determine whether the movant has accurately characterized the motion or whether he, in fact, seeks habeas relief. A Rule 60(b) motion that raises new substantive claims or attacks the district court's merits-based resolution of prior § 2254 claims is a successive § 2254 habeas application. Where, as here, a Rule 60(b) motion is truly a successive § 2254 application, the Court lacks jurisdiction to consider it absent authorization from the Court of Appeals.

Rather than confining his request for relief to a non-merits aspect of the original federal habeas proceeding, Mr. Taylor attempts to re-urge his argument that aspects of the state trial violated his constitutional right to confront witnesses against him. Taylor first invokes <u>Gonzalez v. Crosby</u>, 545 U.S. 542, 532 (2005) to suggest that he pursues a true Rule 60 motion rather than an unauthorized or successive habeas petition. But his characterization does not control; he merely pays lip service to the standard the Court must apply to determine whether his so-called Rule 60 motion is functionally equivalent to a successive habeas petition. The Court must look beyond Taylor's characterization of his motion to determine whether it is an unauthorized successive habeas petition. Taylor purports to challenge a "defect in the integrity" of his habeas proceeding, but he fails to identify any defect. He also summarizes the law

on Article III standing and appears to take issue with what he sees as the Court's refusal to exercise its federal question jurisdiction in adopting the magistrate judge's Report & Recommendation. Taylor merely regurgitates standards not apparently applicable to the relief he seeks. Considering the only substantive portion of the so-called Rule 60 motion reveals its true objective: Taylor alludes to a "factual determination" by the state court and a defendant's constitutional right to effective cross-examination. It is this confrontation clause right that Taylor has invoked at least twice before in this Court: in his initial habeas petition and, again, in a previous motion he styled as one seeking Rule 60(b) relief, which the Fifth Circuit determined was an unauthorized successive habeas petition. This latest filing, too, is a quintessential unauthorized successive habeas petition. To be sure, "[a] petition is successive when it 'raises a claim ... that was or could have been raised in an earlier petition ....'" See In re Edwards, 865 F.3d at 203 (citations omitted); see also § 2244(b)(1). Absent authorization from the Fifth Circuit, this Court lacks jurisdiction to consider confrontation clause challenges previously considered and rejected.

 Mr. Taylor does not challenge the integrity of the federal habeas corpus proceeding; he challenges its outcome. This requires

pre-filing authorization from the Fifth Circuit. Accordingly, IT IS ORDERED: that Taylor's motion is DISMISSED for lack of jurisdiction.

*B.*

Because the Fifth Circuit has not authorized Taylor to proceed, the Court is precluded from reaching the merits of Taylor's successive habeas petition; thus, the Court finds that an order denying a certificate of appealability is not required by 28 U.S.C. § 2253. Cf. United States v. Fulton, 780 F.3d 683, 688 (5th Cir. 2018)(citation omitted)("The transfer of an unauthorized § 2255 petition is not a final order under 28 U.S.C. § 2253(c)(1)(B) [and, thus, an] appeal of such an order does not require a COA."). However, there is some inconsistency in the case literature on whether a certificate of appealability is necessary when a district court determines that a prisoner's post-judgment motion is a successive petition requiring pre-authorization. Compare id. *with* Gonzales v. Davis, 788 Fed.Appx. 250 (5th Cir. 2019)(declining to consider whether Resendiz v. Quarterman, 454 F.3d 456, 458 (5th Cir. 2006) -- which held that a district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and, therefore, a certificate of appealability is required -- was tacitly overruled

9

by the Supreme Court in Harbison v. Bell, 556 U.S. 180 (2009)), *petition for certiorari docketed*, 2/19/20; see also, e.g., United States v. Akers, --- Fed.Appx. ---, 2020 WL 1650652, at *2 (10th Cir. 2020)(dismissal of petition for lack of jurisdiction is a procedural ruling and, to appeal it, the petitioner must first obtain a COA); United States v. McRae, 793 F.3d 392, 398 (4th Cir. 2015)(acknowledging the incongruity of granting a COA only to hold that the district court lacked jurisdiction, and holding that the COA requirement in § 2253(c) allows the Circuit Court to review, without first issuing a COA, an order dismissing a Rule 60(b) motion as an improper successive habeas petition). Accordingly, in an abundance of caution, IT IS ORDERED: that a certificate of appealability shall not be issued for the following reasons. Taylor has failed to make a substantial showing of the denial of a constitutional right. The petitioner has failed to show: that reasonable jurists could debate whether the motion should have been resolved or characterized in a different manner; or that the issues presented were adequate to deserve encouragement to proceed further; or, insofar as the characterization issue is merely procedural, that jurists of reason would find it debatable whether the Court was correct in its procedural ruling.

***

For the foregoing reasons, IT IS ORDERED: that Taylor's motion is DISMISSED for lack of jurisdiction and no certificate of appealability shall be issued.

New Orleans, Louisiana, April 9 , 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE